## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PATRICK A. DAVIS**                                                      **CIVIL ACTION NO.**

**VERSUS**                                                                       **18-1041-SDD-EWD**

**UNITED STATES DEPARTMENT
OF THE TREASURY, ET AL.**

### RULING AND ORDER[1]

Before the Court is the Motion for Extension of Time to Serve Process (the "Motion"), filed

by Patrick A. Davis ("Plaintiff"), who is representing himself.[2] Through the Motion, Plaintiff requests

additional time to effect service on Defendants[3] in compliance with Fed. R. Civ. P.  4(m), and he also

requests that the Court order service on Defendants by the United States Marshals Service under Fed.

R. Civ. P. 4(c)(3). For the reasons set forth herein, the Court will grant Plaintiff's Motion.

Plaintiff filed suit against Defendants on December 10, 2018 ("Complaint").[4] At that time,

Plaintiff also requested to proceed *in forma pauperis (*"IFP motion"*).*[5] On December 13, 2018, the

Court denied the IFP motion for lack of sufficient information and ordered Plaintiff to complete and

submit Form AO 239-Application to Proceed in District Court without Prepaying Fees or Costs

("Long Form") by no later than December 27, 2018.[6] The Court's December 13, 2018 Order was

returned as undeliverable.[7] The Court again ordered Plaintiff to complete and submit the Long Form

by February 8, 2019, and it advised Plaintiff that failure to comply "may result in a recommendation

---

[1] On March 17, 2020, the district judge assigned to this case referred all non-dispositive motions to the undersigned for ruling as provided in 28 U.S.C. § 636, Fed. R. Civ. P. 72(a), and Local Rule 72(b). R. Doc. 22.
[2] R. Doc. 24.
[3] The U.S. Department of the Treasury ("Treasury"), U.S. Internal Revenue Service ("IRS"), and Defense Accounting and Finance Agency ("DAFA") are collectively referred to as "Defendants."
[4] R. Doc. 1.
[5] R. Doc. 2.
[6] R. Doc. 3.
[7] R. Doc. 5.

of dismissal of his claims in this matter."[8] This Order was also returned as undeliverable.[9] Plaintiff never filed the Long Form.

On September 5, 2019, the Court dismissed Plaintiff's Complaint, without prejudice, for his "failure to pay the filing fee and failure to keep the Court apprised of an address change."[10] The Ruling dismissing Plaintiff's Complaint provided for reinstatement of Plaintiff's Complaint "within thirty (30) days for good cause shown, for Plaintiff's failure to pay the filing fee and failure to keep the Court apprised of an address change."[11] Several days later, Plaintiff filed (1) a statement regarding his address[12] and (2) a Motion for Relief from Judgment.[13] The Court granted in part and denied in part Plaintiff's Motion for Relief from Judgment.[14] Specifically, because Plaintiff is representing himself and "expressed an unintentional miscalculation of the time delays allowed for objecting to the Report and Recommendation," the Court withdrew its Ruling and Judgment adopting the Report and Recommendation and gave Plaintiff fourteen days to file an objection to the Report and Recommendation.[15] Plaintiff filed an objection,[16] but his Complaint was again dismissed, without prejudice, for failure to pay the filing fee and failing to keep the Court apprised of an address change.[17] That Ruling again provided for reinstatement of Plaintiff's Complaint within thirty days if Plaintiff could show good cause for his failure to pay the filing fee and to keep the Court apprised of an address

---

[8] R. Doc. 7. The Court further reminded Plaintiff that, under Local Rule 41(b)(4), the failure to keep the Court apprised of the correct address may also result in a recommendation of dismissal for failure to prosecute. *Id.*
[9] R. Doc. 8.
[10] R. Docs. 9, 11, 12.
[11] R. Doc. 11.
[12] R. Doc. 14. In his statement regarding his address, Plaintiff explained that he received the Court's Ruling and Judgment dismissing his Complaint but did not receive the Court's December 13, 2018 Order, the Long Form, or the Court's January 23, 2019 Order, despite the fact that he has not changed his address since he filed the Complaint. R. Doc. 14. He also confirmed his current address and expressed "no intention of changing [his] address nor [his] habitual domicile within the next year or more." *Id.*
[13] R. Doc. 15.
[14] R. Doc. 17.
[15] *Id.*
[16] R. Doc. 19.
[17] R. Doc. 20.

change.[18]

Plaintiff timely requested reinstatement of his Complaint and paid the filing fee.[19] On April 1, 2020, the Court granted Plaintiff's request and reinstated his Complaint.[20] The Court advised Plaintiff that service has not been made in compliance with Rule 4(i), which governs service of process on an agency of the United States, and ordered Plaintiff to file adequate proof of service by no later than May 15, 2020.[21]

On April 29, 2020—prior to the expiration of the deadline to file adequate proof of service, Plaintiff filed the instant Motion. Per the Motion, Plaintiff requests an extension of time under Rule 4(i)(4) to serve Defendants because he "believed" he had served Defendants in January 2019 via "Certified U.S. Mail."[22] Plaintiff also claims he served the United States Attorney for the Middle District of Louisiana ("U.S. Attorney"), as required by Rule 4(i), by "Certified Mail" on April 13, 2020.[23] Although Plaintiff states that he received "correspondence from the U.S. Attorney acknowledging receipt of service," none of the other Defendants have acknowledged service.[24] Because of this, Plaintiff also request that "the Court Order Service of Process pursuant to Fed.R.Civ.P. Rule 4©)(3) [sic] upon the defendants."[25]

Contrary to Plaintiff's belief, neither Defendants nor the U.S. Attorney have been properly served under Rule 4(i).[26] Rule 4(c) provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint. Thus, a plaintiff—even one representing himself—cannot

---

[18] *Id.*

[19] R. Doc. 21. *See also* December 27, 2019 docket entry confirming receipt of Plaintiff's payment of the filing fee.

[20] R. Doc. 23.

[21] *Id.*

[22] R. Doc. 24. *See also* R. Doc. 4 ("I Patrick A. Davis, Plaintiff, have forwarded a copy of the initial Complaint…to each Defendant…").

[23] R. Doc. 24.

[24] *Id.*

[25] *Id.*

[26] Because neither the U.S. Attorney or Attorney General nor any United States officer or employee has been served, Rule 4(i)(4) is inapplicable. Nonetheless, the Court will construe Plaintiff's request as a request for extension under Rule 4(m).

serve a summons and complaint.[27]

Rule 4(m) requires the Court, on a motion or on its own after notice to the plaintiff, to "dismiss the action without prejudice against that defendant or order that service be made within a specified time," when the plaintiff fails to serve a defendant within 90 days after the complaint is filed. The Court "must extend the time for service for an appropriate period" if a plaintiff establishes good cause for the failure to effect service within the time set forth in Rule 4(m).[28] Accordingly, "when a district court entertains a motion to extend time for service, it must first determine whether good cause exists."[29] The plaintiff bears the burden of showing good cause as to why service was not timely made.[30] A showing of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[31] Further, some "showing of good faith on the part of the party seeking an [extension] and some reasonable basis for noncompliance within the time specified is normally required."[32] "Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause."[33]

Here, the Court finds that Plaintiff has not established good cause for his failure to serve Defendants within the time prescribed by Rule 4(m). Simple inadvertence or ignorance of the rules is

---

[27] Fed. R. Civ. P. 4(c)(2); *Shabazz v. City of Houston*, 515 Fed. Appx. 263 (5th Cir. 2013) (Rule 4(c)(2) "prohibits service by a party"); *see also Constien v. United States*, 628 F.3d 1207, 1213-14 (10th Cir. 2010) (Rule 4(c)(2) "contains no mailing exception to the nonparty requirement for service.").

[28] Fed. R. Civ. P. 4(m).

[29] *Gartin v. Par Pharmaceutical Companies, Inc.*, 289 Fed.Appx. 688, 692 (5th Cir. 2008) (quoting *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

[30] *Juge v. Swift Transportation Co., of Arizona, LLC*, No. 17-368, 2019 WL 3526705, at *2 (M.D. La. April 23, 2019), *report and recommendation adopted*, 2019 WL 5616964 (M.D. La. Aug. 1, 2019). *See also McCoy v. Housing Authority of New Orleans*, No. 15-398, 2015 WL 9204434, at *6 (E.D. La. Dec. 17, 2015).

[31] *Gartin*, 289 Fed.Appx at 692; *Juge*, 2019 WL 3526705, at * 2; *McCoy*, 2015 WL 9204434, at *6.

[32] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *Gartin*, 289 Fed.Appx. at 692; *Juge*, 2019 WL 3526705, at *2.

[33] *Thrasher*, 709 F.3d at 511; *Juge*, 2019 WL 3526705, at *2 *McCoy*, 2015 WL 9024434, at * 6 (all citing *Thompson*, 91 F.3d at 21 ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause.").

not enough. Indeed, in *Thrasher*, the Fifth Circuit determined that a plaintiff representing himself failed to establish good cause under Rule 4(m), despite his argument that "he failed to perfect service because he was pro se and did not understand that he, as a litigant, could not himself serve process on the Defendants."[34] The Fifth Circuit held that "litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure.[35]

Although Plaintiff has not established good cause for his failure to timely serve Defendants in compliance with Rule 4(i), the record shows he did timely attempt service on Defendants.[36] It also appears that Defendants and/or the United States Attorney may have received actual notice of Plaintiff's suit.[37] Further, Plaintiff's action do not show a "clear pattern of delay or neglect."[38] Putting aside the period of inactivity between the Court's January 23, 2019 Order, which Plaintiff claims he never received, and the August 19, 2019 Report and Recommendation, the record shows that Plaintiff has endeavored to address any deficiencies noted by the Court in a timely manner.[39] Given the procedural history of his case and Plaintiff's efforts, coupled with his *pro se* status, the Court will exercise its broad discretion and grant Plaintiff additional time to effect service on Defendants. The Court will also order that service on the Defendants be made by the United States Marshals Service

---

[34] 709 F.3d at 511-12.

[35] *Id.* at 512. *See also Allen v. Berryhill*, No. 18-6029, 2018 WL 7624841, at *1 (E.D. La. Nov. 29, 2018) (recommending dismissal of plaintiff's claims due to plaintiff's "unresponsive filing in response to the rule to show cause" regarding service and the need to prosecute his case and plaintiff's failure to serve defendants despite being granted an additional 36 days to do so, and noting, "As [p]laintiff is proceeding pro se in this matter, these failures are attributable to him alone.").

[36] R. Doc. 4.

[37] *System Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013-14 (5th Cir. 1990) (affirming district court's dismissal of plaintiff's complaint under Rule 4(m) but noting that plaintiff's attempted service on federal defendants more than once within the statutory period, defendants' actual notice of the suit, and plaintiff's pro se status "arguably provide grounds for leniency considering the technical imperfections in service.").

[38] *Gartin*, 289 Fed.Appx. at 694.

[39] *See, e.g.*, R. Docs. 14-15 (statement regarding address and Motion for relief filed six and nine days after Ruling (R. Doc. 11) and Judgment (R. Doc. 12); R. Doc. 19 (objection to Report and Recommendation filed within fourteen days of service of Order (R. Doc. 17) granting in part and denying in part Plaintiff's Motion for Relief); R. Doc. 21 (filing Motion for Reinstatement within thirty days of service of Ruling dismissing Plaintiff's Complaint (R. Doc. 20); R. Doc. 24 (requesting extension of time to serve Defendants two weeks prior to the Court-imposed deadline to file adequate proof of service on Defendants).

or his designee under Rule 4(c)(3). However, Plaintiff is again reminded that failure to comply with this Order or to provide adequate service information as to the Defendants within the time ordered may result in a recommendation of dismissal of his claims in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time to Serve Process[40] is **GRANTED**. Adequate service information as to all Defendants must be filed into the record by no later than **July 6, 2020**, to have Defendants served with the summons and complaint in compliance with Fed. R. Civ. P. (4)(i).

**IT IS FURTHER ORDERED** that the United States Marshals Service shall serve the summons and complaint on Defendants in the manner required by Fed. R. Civ. P. 4(i). Plaintiff shall provide the United States Marshals Service with a copy of the summons and complaint and a properly completed Form 285 (attached) for each Defendant to be served, plus two additional copies of the summons and complaint for service on the Government of the United States. **The United States Marshals Service will not serve the summons and complaint without the completed forms**.

**IT IS FURTHER ORDERED** that a copy of this Ruling and Order shall be sent to Plaintiff by certified mail, return receipt requested to the address listed on PACER.

Signed in Baton Rouge, Louisiana, on May 19, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[40] R. Doc. 24.

6