## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

PATRICK A. DAVIS                                      CIVIL ACTION NO.

VERSUS                                                18-1041-SDD-EWD

UNITED STATES DEPARTMENT
OF THE TREASURY, ET AL.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILEWRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 25, 2021.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

P. Davis 6801 Hwy 412E, Slaughter, LA 70777

Certified- Return Receipt Requested 7018 0360 0001 1615 7473

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK A. DAVIS** | **CIVIL ACTION NO.** |
| **VERSUS** | **18-1041-SDD-EWD** |
| **UNITED STATES DEPARTMENT OF THE TREASURY, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

Before the Court is the Motion to Dismiss,[2] filed by the United States Department of Treasury ("DOT") and the Internal Revenue Service ("IRS") (collectively, the "Treasury"). Patrick A. Davis ("Davis"), who is representing himself, opposes the Motion.[3] For the reasons that follow, the Court lacks subject matter jurisdiction to consider any of Davis's claims against the Treasury. Accordingly, it is recommended that the Motion to Dismiss be granted, and that Davis's claims against the Treasury be dismissed for lack of subject matter jurisdiction. Because the undersigned recommends that the Motion to Dismiss be granted, it is recommended that Davis's Motion to Strike the Motion to Dismiss[4] be denied. Finally, it is also recommended that Davis's claims against the remaining defendant, Defense Accounting and Finance Service ("DAFS"),[5] be dismissed on the Court's own motion pursuant to Local Civil Rule 41(b)(1)(A) and/or Local Civil Rule 41(b)(1)(B) with reinstatement of the claims against DAFS permitted upon a showing of good

---

[1] On March 17, 2020, the district judge assigned to this case referred all dispositive motions to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72(b) to "prepare findings of fact, conclusions of law and a report and recommendation…" R. Doc. 22.

[2] R. Doc. 28.

[3] R. Docs. 30, 31.

[4] R. Doc. 31.

[5] Through his filings, Davis refers to this defendant interchangeably as the "Defense Accounting and Finance Service" and the "Defense Accounting and Finance Agency."

cause within thirty (30) days. There is no service information in the record as to DAFS, nor has DAFS appeared.

I.   BACKGROUND

On December 10, 2018, Davis filed a Complaint against the Treasury and DAFS (collectively, "Defendants"), alleging that the Treasury "seized money" from Davis "at the request of [DAFS] from tax years 2013, 2014, 2015, 2016, 2017, and 2018 without due process of law."[6] Specifically, Davis, a former enlisted member of the Louisiana Army National Guard, alleges that in 2013 he "discovered" he owed a debt to DAFS relating to the "recoupment of the second half of an enlistment bonus," after the Treasury "intercepted" his 2012 tax refund under the U.S. Treasury Offset Program ("TOP") to "offset" the debt owed to DAFS.[7] Although Davis disputes the DAFS debt and contends it is "erroneous," he acknowledges receiving notice "annually" that his tax refunds are being used to offset the DAFS debt under "26 USC 6402(c-f)."[8] However, Davis also claims that DAFS has never "provided an explanation" about the DAFS debt, nor has it responded to Davis's correspondence "notifying it of the reasons why he consider[s] the debt to be erroneous."[9] Davis claims he has been injured by the Treasury and/or DAFS's actions,[10] and he seeks the following relief: (1) an order requiring "each defendant to cease all collection activity and cease all offset of government payment owed to [Davis]," and (2) an order requiring the Treasury to "immediately" pay to Davis the tax refunds owed to Davis but intercepted from 2013

---

[6] *See, generally*, R. Doc. 1.

[7] R. Doc. 1, ¶¶ 2-5; R. Doc. 1-1, pp. 1-5.

[8] R. Doc. 1, ¶¶ 2-5; R. Doc. 1-1, pp. 1-5.

[9] R. Doc. 1-1, pp. 1-5 (cleaned up).

[10] Regarding his injuries, Davis claims (1) that he was deprived of tax refunds, which were "vital to his income bracket," that were owed to him from 2013 – 2018, and (2) that he has been "adversely affected" because the DAFS debt was "reported…to the major credit bureaus," which has impaired Davis's ability to qualify for certain jobs and/or financing for vehicles and homes. *See* R. Doc. 1, ¶ 7; R. Doc. 1-1, ¶ 5.

2

– 2018.[11]

After numerous procedural hurdles involving Davis,[12] the Treasury filed the Motion on July 30, 2020,[13] arguing that Davis's claims against it should be dismissed under Fed. R. Civ. P. 12(b)(1) because the Court lacks jurisdiction and, in fact, is precluded from considering consider Davis's claims against it related to TOP offsets under 26 U.S.C. § 6402(g).[14] The Treasury also argues that (1) Davis "has failed to identify a waiver of sovereign immunity," (2) to the extent Davis is seeking payment of a refund, he has "failed to allege that he has satisfied any of the prerequisites to filing a refund suit," and (3) to the extent Davis seeks injunctive relief, such relief is "barred by the Declaratory Judgment Act and Tax Anti-Injunction Act."[15]

In his opposition, Davis explains that this is not a refund suit.[16] Rather, Davis argues that he has "a cause of action against the Treasury because the Treasury offset Davis's overpayment refunds for several years," which Davis considers to be an "illegal seizure of his overpayment refunds because the alleged DAFS debt is erroneous and invalid."[17] Additionally, Davis argues that the Treasury has not submitted sufficient evidence that the DAFS debt is "legally enforceable,"

---

[11] R. Doc. 1, ¶¶ 6-8.

[12] *See, e.g.*, R. Docs. 4, 5, 7, 8, 9 11, 12, 20, 21, 24, 25. The prior procedural issues in this case include Davis's failure to complete the AO-239 – Application to Proceed in District Court without Prepaying Fees and Costs (Long Form) despite being ordered to do so, Davis's failure to keep the Court apprised of his address as required by the Local Civil Rules, Davis's failure to serve Defendants as required by Fed. R. Civ. P. 4(i), the dismissal of Davis's claims without prejudice for failure to pay the filing fee and failure to keep the Court apprised of his address, Davis's motions for relief from and/or reconsideration of the judgment dismissing his claims, and Davis's request for an extension of time to properly serve Defendants. These procedural issues unwound to Davis being permitted to proceed with this case after his claims were reinstated and he was given an extension of time to serve. *See* R. Docs 17, 23 & 25.

[13] R. Doc. 28.

[14] R. Docs. 28, 28-1.

[15] R. Doc. 28-1, pp. 1, 5-8.

[16] R. Doc. 31-1, p. 2 ("The Plaintiff opposes and states herein that he is not seeking overpayment or refund…"). Regardless, 26 U.S.C. § 6402(g) states, "no action brought against the United States to recover the amount of any such reduction [under the TOP] shall be considered a suit for refund of tax."

[17] *Id.* pp. 2-3 (cleaned up).

3

and (2) that, under Article I of the U.S. Constitution,[18] sovereign immunity has been waived as to Davis's claims against the Treasury given the "lack of communication from [DAFS]" and the inconvenience Davis would suffer if he had to travel of DAFS's location to present his grievance.[19]

## II.    LAW AND ANALYSIS

### A.    Motions to Dismiss Under Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[20] Courts "must presume that a suit lies outside this limited jurisdiction,"[21] and the party asserting federal jurisdiction bears the burden of proof on a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).[22] "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[23]

Pursuant to Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim."[24] A court should consider a Rule 12(b)(1) attack before addressing any challenge on the merits, as this "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[25]

---

[18] Although Davis does not specify which clause of Article I is a waiver of sovereign immunity, Davis is presumably referring to the last clause. *See* U.S. Const. Amend. I ("Congress shall make no law…abridging…the right of the people…to petition the Government for a redress of grievances.").

[19] R. Doc. 31-1, pp 1-4.

[20] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

[21] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[22] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When a district court finds that it lacks subject-matter jurisdiction, its determination is not on the merits of the case, and does not bar the plaintiff from pursuing the claim in a proper jurisdiction. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam); *Aucoin v. Cupil*, No. 16-CV-00373, 2017 WL 3633449, at *1 (M.D. La. Aug. 22, 2017).

[23] *Ramming*, 281 F.3d at 161. *See also Clark, v. Edwards*, 468 F.Supp.3d 725, 734 (M.D. La. June 22, 2020); *Lewis v. Brown*, No. 14-435, 2015 WL 803124, at *1 (M.D. La. Feb. 25, 2015) (citations omitted).

[24] *In re FEMA*, 668 F.3d at 286 (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

[25] *Id*. (quoting *Ramming v. United States*, 281 F.3d at 161).

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6).[26] Thus, "the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff."[27] However, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation[,]"[28] nor are they "required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs."[29] Indeed, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts."[30]

### B. This Court Lacks Jurisdiction Over the Claims Against the Treasury

Although Davis seeks to base his claims on portions of the U.S. Constitution and due process, the crux of Davis's claim against the Treasury is that it improperly and/or illegally offset a portion of his tax refunds from 2013 – 2018 under the TOP to collect a debt, owed to DAFS, that Davis contends is erroneous and invalid.[31] Indeed, the aim of Davis's Complaint is clearly to restrain and review the Treasury's decisions to send his tax refunds to DAFS to satisfy the debt related to the recoupment of Davis's reenlistment bonus.

As Davis acknowledges, this case is related to the TOP, which is governed by several federal laws and regulations. The TOP is "a centralized program administered by the Department of the Treasury to help federal agencies collect delinquent debts owed to the federal government."[32] One court described how the TOP works as follows:

---

[26] *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992) (per curiam).

[27] *Clark*, 468 F.Supp.3d at 734 (M.D. La. June 22, 2020); *Lewis*, 2015 WL 803124, at *3.

[28] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[29] *Id.*

[30] *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citing *Callahan v. C.I.R.*, No. 99-0295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)).

[31] *See, generally*, R. Docs. 1, 1-1, 31-1.

[32] *McQueen v. Commissioner of IRS*, No. 15-2777, 2015 WL 6384686, at *2 (E.D. Ohio Oct. 22, 2015) (quoting *Omegbu v. United States Dept. of Treasury*, No. 04-1814, 2004 WL 3049825, at *1 (7th Cir. Dec. 16, 2004)).

5

> [I]f an individual owes a delinquent debt to a government agency, that agency sends information about that debt to the database maintained by the Bureau of the Fiscal Service of the United States Department of the Treasury. Before an individual receives a federal payment such as a tax refund, the database is searched to see if the individual owes a delinquent debt to a government agency. When a delinquent debt appears in the database, the Bureau of the Fiscal Service offsets, or withholds, the federal payment to pay the individual's debt. *See* 31 C.F.R. § 285.2(c). The Department of the Treasury is required to perform offsets by 31 U.S.C. § 3716(c). When a federal payment is used to offset a delinquent debt, the United States Department of the Treasury sends the individual a letter to notify that individual of the action taken. *See* 31 U.S.C. § 3716(c)(7)(A).[33]

Further, any federal agency that refers a debt to the Department of the Treasury under the TOP must "certify that the debts are valid, delinquent, and legally enforceable."[34] Once an agency refers a debt, 26 U.S.C. §6402(d) obligates the Department of the Treasury to "reduce the amount of overpayment payable to [the tax payer]" by the amount of the debt owed by the tax payer and "pay the amount by which the overpayment is reduced…to such agency."[35]

26 U.S.C. § 6402(g) states, in part, "No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, to restrain or review a reduction authorized by subsection (c), (d), (e), or (f)."[36] § 6402(g) is a "jurisdictional bar" that "prevents federal courts 'from reviewing any claim under federal law' that a plaintiff 'may have regarding the interception of [his or her] tax refund under § 6402[(d)]…'"[37] Additionally, the jurisdictional bar in § 6402(g)

---

[33] *McQueen*, 2015 WL 6384686, at *2. *See also Nelson v. U.S.*, 817 Fed. Appx. 949, 950 (Fed. Cir. 2020) (describing how TOP works); *Hughes v. U.S.*, No. 14-998, 2015 WL 4477961, at *2-3 (E.D. La. July 22, 2015) (same); *Hicks v. U.S.*, 130 Fed. Cl. 222, 229-30 (Ct. Fed. Cl. 2017) (same).

[34] *Dasisa v. Dept. of Treasury*, 951 F.Supp.2d 45, 46 (D.D.C. 2013) (citing 31 C.F.R. § 285.5(d)(6)).

[35] *See also* 31 U.S.C. § 3716(c)(1)(A) ("Except as otherwise provided in this section, a disbursing official of the Department of the Treasury…shall offset at least annually the amount of a payment which a payment certifying agency has certified to the disbursing official for disbursement, by an amount equal to the amount of a claim which a creditor agency has certified to the Secretary of the Treasury pursuant to this subsection."

[36] *See also Vann v. Commissioner of Internal Revenue*, No. 09-305, 2009 WL 1227260, at * (N.D. Tex. May 1, 2009) (explaining that § 6402(g) "divests federal courts from hearing claims brought to restrain or review a reduction authorized by subsection (c)." (internal quotations omitted)).

[37] *Vann*, 2009 WL 1227260, at *1 (quoting *Satorius v. U.S. Dept. of Treasury*, 671 F.Supp. 592, 595 (E.D. Wisc. 1987) (discussing the jurisdictional bar in § 6402(g) in relation to plaintiff's claims related to the interception of tax refunds to pay past-due state support debts under § 6402(c)).

"applies to any action against the United States, including constitutional challenges to § 6402."[38] Although § 6402(g) "prohibits suits against [the Department of Treasury] merely for carrying out its statutory obligation to collect debts that agencies refer to it," it also "explicitly reserves [a] plaintiff's ability to sue agency-claimants directly."[39]

Because Davis seeks to restrain and review the Treasury's reduction of his tax refunds and the transmittal of those funds to DAFS for an allegedly due debt, § 6402(g) "strips jurisdiction from this Court."[40] Accordingly, it is recommended that the Motion be granted, and Davis's claims against the Treasury be dismissed for lack of subject matter jurisdiction.

    **C.    Davis's Claims Against DAFS Should Be Dismissed**

Davis has also asserted claims against DAFS, the agency that referred the allegedly due debt to the Treasury and to which Davis's overpayments were sent.[41] Such claims are expressly permitted under § 6402(g).[42] However, although Davis filed this action on December 10, 2018, he has not served DAFS in accordance with the Federal Rules of Civil Procedure.[43] In the April 1,

---

[38] *Satorius*, 671 F.Supp. at 594. *See also Richardson v. Baker*, 663 F.Supp. 651 (S.D.N.Y. 1987) (applying jurisdictional bar in § 6402(g)—then § 6402(e)—to challenge that § 6402(d) is unconstitutional).

[39] *Dasisa*, 951 F.Supp.2d at 46 (stating, "To pursue this matter, the plaintiff must sue the agency claiming his debt and not the debt collector," and dismissing the plaintiff's claims against the Department of the Treasury for lack of jurisdiction).

[40] *Vann*, 2009 WL 1227260, at * 2 (dismissing *sua sponte* plaintiff's claims, including claims under 42 U.S.C. §§ 1983 – 1985, the return of his intercepted tax refunds, and compensatory damages, relating to the offset of his tax refunds to pay a state child support debt under § 6402(c) for lack of jurisdiction pursuant to § 6402(g)). *See also Nelson*, 817 Fed. Appx 949 (affirming the district court's dismissal of plaintiff's "challenge to the offset of her federal tax return by the IRS" because § 6402(g) "explicitly bars judicial review of [such] actions."; *Dasisa*, 951 F.Supp.2d 45 (granting the Department of Treasury's Rule 12(b)(1) motion, and dismissing plaintiff's claims related to an improper offset of plaintiff's tax refund for a debt "wrongfully claimed" by the U.S. Department of Education for lack of jurisdiction pursuant to § 6402(g)); *Bible v. U.S.*, 141 Fed. Cl. 718 (Ct. Fed. Cl. 2019) (holding that the "jurisdictional bar imposed by [§ 6402(g)] applies squarely" and is "fatal to" plaintiff's claim regarding the Department of Treasury's offset of his tax refund under § 6402(c), and that the court "lacks jurisdiction to hear his claim.").

[41] *See* R. Docs. 1, 1-1, and 31-1.

[42] § 6402(g) states, in part, "This subsection does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid…"

[43] *See* R. Docs. 1, 4. On January 14, 2019, Davis notified the Court that he "forwarded a copy of the initial Complaint…to [DAFS]…Service is made via the United States Postal Service, and was mailed on Thursday January 10, 2019." R. Doc. 4. However, to serve a United States agency, Fed. R. Civ. P. 4(i) requires a party (1) to serve the agency by sending, via registered or certified mail, a copy of the summons and complaint to the agency, as well as (2) to serve the United States by (a) delivering or sending, via registered or certified mail, a copy of the summons and

7

2020 Order granting Davis's motion for reconsideration of the Judgment[44] dismissing his claims for failure to pay the filing fee and for failing to keep the Court apprised of his address, the Court advised Davis that "service has not been made in compliance with Federal Rule of Civil Procedure 4(i), which governs services of process on an agency of the United States" (the "April 1 Order").[45] Davis was ordered to "file adequate proof of service, establishing service on Defendants in compliance with the Federal Rules of Civil Procedure, by no later than May 15, 2020."[46]

On April 27, 2020, Davis requested an extension of time to serve Defendants because he "believed" he had served defendants in January 2019 via "Certified U.S. Mail," although none of the Defendants had acknowledged service.[47] The Court granted Davis's request and gave him until July 6, 2020 to have all Defendants served and to file adequate service information into the record, despite finding that he had not established good cause for his failure to serve timely serve Defendants in compliance with Rule 4(i) (the "May 19 Order").[48] Additionally, the Court ordered the United States Marshals Service ("USMS") to serve the summons and complaint on Defendants in the manner required by Fed. R. Civ. P. 4(i), after Davis provided the USMS with "a copy of the summons and complaint and a properly completed Form 285 (attached) for each Defendant to be served, plus two additional copies of the summons and complaint for service on the Government

---

complaint to the United States attorney for the district where the action is brought, and (b) sending, via registered or certified mail, a copy of same to the Attorney General of the United States in Washington, D.C.

[44] R. Doc. 12.

[45] R. Doc. 23.

[46] *Id*.

[47] R. Doc. 24. Davis noted that he received "correspondence from the U.S. Attorney acknowledging receipt of service." *Id*.

[48] R. Doc. 25. In the May 19 Order, the Court explained to Davis that none of the Defendants had been properly served because Fed. R. Civ. P. 4(c) "provides that any person who is at least 18 years old and not a party may serve a summons and complaint. Thus, a plaintiff—even one representing himself—cannot serve a summons and complaint." *Id*. at pp. 3-4 (internal quotations and citations omitted). The Court further explained that a "litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rule of Civil Procedure." *Id*. at pp. 4-5 (citations omitted).

of the United States."[49] The May 19 Order further noted, "**The United States Marshals Service will not serve the summons and complaint without the completed forms**."[50] Finally, the Court "again reminded [Davis] that failure to comply with this Order or to provide adequate service information as to Defendants within the time ordered may result in a recommendation of dismissal of his claims in this matter."[51]

On June 29, 2020, Davis filed a "response" to the May 19 Order.[52] The response was addressed to the Clerk of Court (not USMS), and it explained (1) that a "separate Form 285 is completed and enclosed for each Defendant," and (2) that "although the Form [285] indicates that five copies of each are to be distributed, the Form Instructions do not indicate that five copies of each are to be completed by the Service Party," so Davis "refrained from providing five copies of each Form 285."[53] Attached to the response were (1) a single copy of Davis's Complaint, (2) a summons directed to the U.S. Attorney for the Middle District of Louisiana, DAFS, and the Treasury (both the Department of the Treasury and the Internal Revenue Service), and (3) a single Form 285 requesting service on the US. Attorney's Office for the Middle District of Louisiana.[54]

Over two years have elapsed since the filing of the Complaint, and over twelve months have elapsed since the Court first notified Davis that service had not been made on Defendants in compliance with Fed. R. Civ. P. 4(i). Over ten months have passed since the Court granted Davis's request for an extension of time to serve Defendants and gave him until July 6, 2020 to file adequate proof of service into the record, and over eight months have passed since the July 6, 2020

---

[49] *Id*.

[50] *Id*. (emphasis in original).

[51] *Id*. at p. 6.

[52] R. Doc. 27.

[53] *Id*.

[54] *See* R. Docs. 27-1, 27-2, 27-3, respectively.

9

deadline expired. Despite ample time to effect service on DAFS, no service information is in the record as to DAFS on the Complaint.[55] DAFS has not made an appearance, and no default has been entered against it. Although the Court ordered service by the USMS, despite that Davis was not proceeding *in forma pauperis*, an individual is only entitled to rely on service by the USMS and "'should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant.'"[56] Here, Davis did not follow the instructions of the May 19, 2020 Order. According to his response, he did not provide sufficient copies of the documents to the USMS, as he was instructed to do.[57] Notably, Davis's response does not even include a completed Form 285 requesting service on DFAS, despite—as Davis acknowledges—being ordered to provide a completed Form 285 for *each Defendant* to be served.[58]

While Davis is representing himself and has struggled to comply with applicable procedural rules, he has been given ample opportunities to prosecute his claims in this matter. As to DAFS, he has failed to ensure that this entity was properly served with the summons and Complaint, seemingly because he failed to follow the instructions provided within the extended time period allowed. Accordingly, it is recommended that all Davis's claims against DAFS be dismissed without prejudice on the Court's own motion under Fed. R. Civ. Proc. 4 and Local Civil

---

[55] In fact, no service information is in the record as to any party, although the Treasury responded to the suit with the Motion to Dismiss.

[56] *Ellibee v. Leonard*, 226 Fed.Appx. 351, 358 (5th Cir. 2007), *citing Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

[57] It also appears that Davis sent the documents to the Clerk of Court instead of to the USMS, as instructed. *See* R. Doc. 27, p. 1. And it should be noted that Davis did not even submit these documents to the Clerk of Court until June 26, 2020 which was barely more than a week before the July 6, 2020 deadline to have all Defendants served and to file adequate service information in the record according to the May 19, 2020 Order. R. Doc. 25, p. 6.

[58] *Id*. at p. 1 ("The enclosed documents are sent in reference to a Ruling and Order dated May 19, 2020 ordering the Plaintiff to Complete Form 285 for each Defendant to be served. A separate Form 285 is completed and enclosed for each Defendant."). The only person for whom Davis completed and submitted a Form 285 is the U.S. Attorney for the Middle District, who, although he is required to be served under Fed. R. Civ. P. 4(i), is not a Defendant in this matter.

Rule 41 due to Davis's failure to prosecute his claims against DAFS and failure to timely serve,[59] subject to reinstatement within thirty days for good cause shown.[60]

### III.   CONCLUSION

**IT IS RECOMMENDED** that the Motion to Dismiss,[61] filed by the United States Department of Treasury and the Internal Revenue Service, be **GRANTED,** and that Davis's claims against those entities be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that the Motion to Strike,[62] filed by Patrick A. Davis, be **DENIED**.

**IT IS ALSO RECOMMENDED** that Davis's claims against Defense Accounting and Finance Service be **DISMISSED WITHOUT PREJUDICE** on the Court's own motion pursuant to Fed. R. Civ. Proc. 4 and Local Civil Rule 41(b)(1)(A) and/or Local Rule 41(b)(1)(B) with reinstatement of the claims against Defense Accounting and Finance Service upon a showing of good cause within thirty (30) days. There is no service information in the record as to DAFS, nor has DAFS appeared.

Signed in Baton Rouge, Louisiana, on February 25, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[59] The version of Local Civil Rule 41(b)(1), in effect at the time Davis filed suit, provided, in part: "A civil action may be dismissed by the Court for lack of prosecution as follows: (A) Where no service of process has been made within 120 days after filing of the complaint…"

[60] Davis will also have the 14-day objection period to respond to this Report and Recommendation in which to explain the failure to timely serve DAFS.

[61] R. Doc. 28.

[62] R. Doc. 31.