UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PATRICK A. DAVIS**  CIVIL ACTION NO.

**VERSUS**  **18-1041-SDD-EWD**

**UNITED STATES DEPARTMENT
OF THE TREASURY, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILEWRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 28, 2022.

*[signature]*

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICK A. DAVIS                                             CIVIL ACTION NO.

VERSUS                                                       18-1041-SDD-EWD

UNITED STATES DEPARTMENT
OF THE TREASURY, ET AL.

### MAGISTRATE JUDGE'S REPORT, RECOMMENDATION AND ORDER

Before the Court is the Motion to Reinstatement and for Extension of Time to Serve Process via U.S. Marshall's [sic] Service ("Motion"),[1] filed by Patrick A. Davis ("Davis"), who is representing himself. Per the Motion, Davis requests that the Court reinstate his claims against Defendant Defense Finance and Accounting Service[2] ("DFAS") and either (a) consider DFAS "served pursuant to Fed.R.Civ.Pro. Rule 5(b)(2)(E)" or (b) grant him an extension of time under Fed. R. Civ. P. 4(c)(3) to effect service on DFAS. Because Davis has not established good cause for reinstatement of his claims against DFAS, it is recommended that the Motion be denied.[3] For the same reasons, it is also recommended that Davis's alternative request for an extension of time to perfect service on DFAS also be denied.

I.   **BACKGROUND**

On December 10, 2018, Davis filed a Complaint against the Treasury[4] and DFAS (collectively, "Defendants"), alleging that the Treasury "seized money" from Davis "at the request

---

[1] R. Doc. 40. Because there was no service information in the record as to DFAS, nor had DFAS appeared, Davis's claims against DFAS were dismissed on the Court's own motion pursuant to Fed. R. Civ. Proc. 4 and Local Civil Rule 41(b)(1)(A) and/or Local Civil Rule 41(b)(1)(B) with reinstatement of the claims against DFAS permitted upon a showing of good cause within thirty (30) days. R. Docs. 34 & 38.
[2] Although Davis names the "Defense Accounting and Finance Agency" as Defendant (R. Doc. 1), it appears that the entity's correct name is "Defense Finance and Accounting Service." See https://www.dfas.mil/ (last accessed Feb. 26, 2022).
[3] On March 17, 2020, the district judge assigned to this case referred all dispositive motions to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72(b) to "prepare findings of fact, conclusions of law and a report and recommendation…" R. Doc. 22.
[4] Treasury collectively refers to the United States Department of Treasury ("DOT") and the Internal Revenue Service ("IRS"), which—in addition to DFAS—were named as Defendants by Plaintiff. R. Doc. 1.

of [DFAS] from tax years 2013, 2014, 2015, 2016, 2017, and 2018 without due process of law."[5] Specifically, Davis, a former enlisted member of the Louisiana Army National Guard, alleges that in 2013 he "discovered" he owed a debt to DFAS relating to the "recoupment of the second half of an enlistment bonus," after the Treasury "intercepted" his 2012 tax refund under the U.S. Treasury Offset Program ("TOP") to "offset" the debt owed to DFAS.[6] Although Davis disputes the DFAS debt and contends it is "erroneous," he acknowledges receiving notice "annually" that his tax refunds are being used to offset the DFAS debt under "26 USC 6402(c-f)."[7] However, Davis also claimed that DFAS has never "provided an explanation" about the DFAS debt, nor has DFAS responded to Davis's correspondence "notifying it of the reasons why he consider[s] the debt to be erroneous."[8] Davis claimed he was injured by the Treasury and/or DFAS's actions,[9] and he sought the following relief: (1) an order requiring "each defendant to cease all collection activity and cease all offset of government payment owed to [Davis]," and (2) an order requiring the Treasury to "immediately" pay to Davis the tax refunds owed to Davis but intercepted from 2013 – 2018.[10] After numerous procedural hurdles involving Davis,[11] the Treasury's Motion to Dismiss was granted and Davis's claims against the Treasury were dismissed.[12]

---

[5] R. Doc. 1, pp. 1-2.
[6] R. Doc. 1, ¶¶ 2-5; R. Doc. 1-1, pp. 1-5.
[7] R. Doc. 1, ¶¶ 2-5; R. Doc. 1-1, pp. 1-5.
[8] R. Doc. 1-1, pp. 1-5 (cleaned up).
[9] Regarding his injuries, Davis claims (1) that he was deprived of tax refunds, which were "vital to his income bracket," that were owed to him from 2013 – 2018, and (2) that he has been "adversely affected" because the DFAS debt was "reported…to the major credit bureaus," which has impaired Davis's ability to qualify for certain jobs and/or financing for vehicles and homes. *See* R. Doc. 1-1, ¶ 5.
[10] R. Doc. 1, ¶¶ 6-8.
[11] *See, e.g.*, R. Docs. 4, 5, 7, 8, 9 11, 12, 20, 21, 24, 25. The prior procedural issues in this case include Davis's failure to timely complete the AO-239 – Application to Proceed in District Court without Prepaying Fees and Costs (Long Form) despite being ordered to do so, Davis's failure to keep the Court apprised of his address as required by the Local Civil Rules, Davis's failure to serve Defendants as required by Fed. R. Civ. P. 4(i), the dismissal of Davis's claims without prejudice for failure to pay the filing fee and failure to keep the Court apprised of his address, Davis's motions for relief from and/or reconsideration of the judgment dismissing his claims, and Davis's request for an extension of time to properly serve Defendants. These procedural issues unwound to Davis being permitted to proceed with this case after his claims were originally reinstated and he was given an extension of time to serve. *See* R. Docs 17, 23 & 25.
[12] R. Docs. 34 & 38.

2

In the same Magistrate Judge's Report recommending that the Treasury's Motion to Dismiss be granted, it was also recommended that Davis's claims against DFAS—the agency that referred the debt to the Treasury and to which Davis's overpayments were sent[13]—be dismissed without prejudice on the Court's own motion for failure to timely serve pursuant to Fed. R. Civ. Proc. 4 and Local Civil Rule 41(b)(1)(A) and/or Local Civil Rule 41(b)(1)(B), subject to reinstatement of these claims upon a showing of good cause within thirty (30) days.[14] The Report is in the record so it is not necessary to recount the full analysis here. It suffices to say that the Report detailed the procedural history of this case and concluded that, despite multiple years, multiple chances, extensive explanation, and the appointment of the United States Marshals Service ("USMS") to serve when it was not required by the Federal Rules, Davis had still failed to comply with the Court's instructions. Accordingly, dismissal was recommended. The Magistrate Judge's Report and Recommendation was adopted on March 30, 2021, dismissing Davis's claims against DFAS without prejudice on the Court's own motion, but permitting reinstatement within thirty days upon a showing of good cause.[15]

Davis timely filed the instant Motion seeking reinstatement of his claims and another opportunity to serve DFAS as required by Fed. R. Civ. Proc. 4(i).

**II.    LAW AND ANALYSIS**

Rule 4(m) requires the Court, on a motion or on its own after notice to the plaintiff, to "dismiss the action without prejudice against that defendant or order that service be made within a specified time," when the plaintiff fails to serve a defendant within 90 days after the complaint is filed. The Court "must extend the time for service for an appropriate period" if a plaintiff establishes good cause for the failure to effect service within the time set forth in Rule 4(m).[16]

---

[13] *See* R. Docs. 1, 1-1, and 31-1.
[14] R. Doc. 34.
[15] R. Doc. 38.
[16] Fed. R. Civ. P. 4(m).

3

Accordingly, "when a district court entertains a motion to extend time for service, it must first determine whether good cause exists."[17]

The Ruling dismissing Davis's claims against DFAS provides for reinstatement of those claims upon a showing of good cause within thirty (30) days.[18] Davis, as the plaintiff, bears the burden of showing good cause as to why service was not timely made.[19] A showing of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[20] Further, some "showing of good faith on the part of the party seeking an [extension] and some reasonable basis for noncompliance within the time specified is normally required."[21]

Here, although the Motion was timely filed, Davis has not established good cause for reinstatement of his claims against DFAS. Davis's entire argument in support of reinstatement is as follows:

> I served notice of this law suit with an attached Complaint and an attached Summons electronically upon the Defendant, Defense Accounting and Finance Service through electronic service at "dfas.cleveland-oh.zte.mbx.web-askdfas@mail.mi.". The Debt and Claims Management ticket number is: 202104100301. A copy of the electronic email receipt is attached to this certificate and indicates that the Defendant might wait up to approximately 60 days before replying. I request that the Court consider the Defendant served pursuant to Fed.R.Civ.Pro Rule 5(b)(2)(E).

While this position differs from Davis's prior arguments regarding service on DFAS,[22] this argument does not establish good cause, nor does it provide some reasonable explanation for

---

[17] *Gartin v. Par Pharmaceutical Companies, Inc.*, 289 Fed.Appx. 688, 692 (5th Cir. 2008) (quoting *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).
[18] R. Doc. 38.
[19] *Juge v. Swift Transportation Co., of Arizona, LLC*, No. 17-368, 2019 WL 3526705, at *2 (M.D. La. April 23, 2019), *report and recommendation adopted*, 2019 WL 5616964 (M.D. La. Aug. 1, 2019). *See also McCoy v. Housing Authority of New Orleans*, No. 15-398, 2015 WL 9204434, at *6 (E.D. La. Dec. 17, 2015).
[20] *Gartin*, 289 Fed.Appx at 692; *Juge*, 2019 WL 3526705, at * 2; *McCoy*, 2015 WL 9204434, at *6.
[21] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *Gartin*, 289 Fed.Appx. at 692; *Juge*, 2019 WL 3526705, at *2.
[22] *Cf.* R. Doc. 4 ("This is to certify that I Patrick A. Davis, Plaintiff, have forwarded a copy of the initial Complaint…to each Defendant that is listed above. Service is made via the United States Postal Service, and was mailed on Thursday January 10, 2019); R. Doc. 24 ("Service was made upon the [DFAS] via Certified U.S. Mail, the tracking number having been 7018 3090 0001 1460 7913. Postal Service Tracking information indicates that the process was delivered on January 14, 2019 and was received on an individual."); R. Doc. 36 ("DFAS was notified via U.S. Postal Service by Certified Mail Receipt 7018 3090 0001 7913 on January 10, 2019.").

Davis's noncompliance with the Federal Rules of Civil Procedure, the Local Civil Rules, and/or multiple orders of this Court.[23] First, nothing in Fed. R. Civ. Proc. 4(i) permits service on a United States agency by electronic mail or other electronic means. Second, Davis's request to consider DFAS served under Fed. R. Civ. Proc. 5 is improper, as Rule 5 pertains to service of "pleading[s] filed *after* the original complaint…" (emphasis added). Even if Rule 5(b)(2)(E) applied (it does not), that provision permits service of documents after the initial pleading by "sending it by other electronic means that the person *consented to in writing*[,]" (emphasis added). There is no evidence in the record that DFAS consented in writing to electronic service of legal process via the email address Davis provided. Lastly, and most problematic for Davis, is the fact that he has been advised multiple times that he cannot personally serve the summons and complaint under Rule 4(c)(2).[24] There does not appear to be any electronic or mailing exception to the requirement of Rule 4(c)(2) that a non-party must serve the summons and complaint.[25]

At bottom, the "explanation" in Davis's Motion does not offer any basis, much less a reasonable one, for Davis's continued refusal to properly serve DFAS in compliance with Fed. R. Civ. Proc. 4 or to follow explicit instructions contained in multiple orders of this Court. This is especially true where, as here, the USMS was ordered to serve the complaint and summons, even though Davis was not a pauper, so such an order was not required under the Federal Rules, but

---

[23] This "explanation" is in stark contrast to Davis's explanation in support of his first request for reinstatement, which the Court explained as Davis "express[ing] an unintentional miscalculation of the time delays allowed for objecting to the Report and Recommendation." *Compare* R. Doc. 36 *with* R. Docs. 15 & 17.

[24] *See* R. Doc. 25, pp. 3-4 ("Contrary to Plaintiff's belief, neither Defendants nor the U.S. Attorney have been properly served under Rule 4(i). Rule 4(c) provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint. Thus, a plaintiff—even one representing himself—cannot serve a summons and complaint. Fed. R. Civ. P. 4(c)(2); *Shabazz v. City of Houston*, 515 Fed. Appx. 263 (5th Cir. 2013) (Rule 4(c)(2) "prohibits service by a party"); *See also* R. Doc. 25 ("Contrary to Plaintiff's belief, neither Defendants nor the U.S. Attorney have been properly served under Rule 4(i). Rule 4(c) provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint. Thus, a plaintiff—even one representing himself—cannot serve a summons and complaint."); R. Doc. 34, n.48 ("In the May 19 Order, the Court explained to Davis that none of the Defendants had been properly served because Fed.R.Civ.Proc. 4(c) 'provides that any person who is at least 18 years old and not a party may serve a summons and complaint. Thus, a plaintiff—even one representing himself—cannot serve a summons and complaint.'").

[25] *See, e.g., Constien v. United States*, 628 F.3d 1207, 1213-14 (10th Cir. 2010) (Rule 4(c)(2) "contains no mailing exception to the nonparty requirement for service.").

Davis failed to properly comply with the requirements to accomplish USMS service, despite being given additional time to do so.[26] As the Court previously explained, simple inadvertence or ignorance of the rules is not enough to establish good cause, even for a *pro se* litigant,[27] and Davis's actions here go beyond simple inadvertence or ignorance and approach willful noncompliance. Accordingly, it is recommended that the Motion be denied, that Davis's claim against DFAS remain dismissed, that a final judgment be entered against Davis, and that this matter be closed. Considering these recommendations, denial of Davis's request for additional time to serve DFAS is also recommended.

### III. CONCLUSION

Because Plaintiff Patrick A. Davis has failed to establish good cause for the reinstatement of his claims against Defendant Defense Finance and Accounting Service, **IT IS RECOMMENDED** that Motion for Reinstatement and for Extension of Time to Serve Process via U.S. Marshall's Service[28] be **DENIED,** that Davis's claims against DFAS **REMAIN DISMISSED**, that final judgment be **ENTERED**, and that this matter be **CLOSED**.

Considering these recommendations, **IT IS FURTHER RECOMMENDED** that Davis's alternative request for additional time to perfect service on DFAS also be **DENIED**.

**IT IS ORDERED** that the Clerk of Court serve a copy of this Report and Recommendation on Plaintiff Patrick A. Davis by regular and certified mail, return receipt requested at the address listed on PACER.

Signed in Baton Rouge, Louisiana, on February 28, 2022.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] *See* R. Doc. 34, pp. 8-12.
[27] *See* R. Doc. 25, at p. 5 ("Indeed, in *Thrasher*, the Fifth Circuit determined that a plaintiff representing himself failed to establish good cause under Rule 4(m), despite his argument that 'he failed to perfect service because he was pro se and did not understand that he, as a litigant, could not himself serve process on the Defendants.' 709 F.3d at 511-12.").
[28] R. Doc. 40.